(134 App. Div. 350.)

## In re ASSOCIATED LAWYERS' CO.

(Supreme Court, Appellate Division, First Department. October 22, 1909.)

CORPORATIONS (§ 14*)—INCORPORATION—APPROVAL BY APPELLATE DIVISION.

 Laws 1909, c. 88 (Consol. Laws, c. 40) § 280, as added by Laws 1909, c. 483, makes it unlawful for any corporation to practice or appear as an attorney at law for any person other than itself in any court, or to render legal services or furnish attorneys in actions, and provides that the section shall not apply to a corporation lawfully engaged in the examination of land titles, or to a corporation employing an attorney in its own immediate affairs, or in litigation to which it is or may be a party, or to organizations for charitable purposes, or for the purpose of assisting persons without means in the pursuit of any civil remedy, whose existence or incorporation may be approved by the Appellate Division, etc. *Held*, that the Appellate Division cannot approve the organization of a stock corporation formed by lawyers to do a general law and collection business, and make agreements with and employ such attorneys and other representatives and employés of the corporation as may be desired for the transaction of such business, so that it could perform any act prohibited by the statute.

 [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 14.*]

Application of the Associated Lawyers' Company, under Laws 1909, c. 88 (Consol. Laws, c. 40) § 280, as added by Laws 1909, c. 483, for approval of its incorporation by the Appellate Division. Denied.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward M. Shepard, for petitioner.

PER CURIAM. The petitioner was incorporated under the business corporations law (Laws 1890, p. 1167, c. 567, as amended by Laws 1892, p. 2042, c. 691) as a stock corporation "to do a general law and collection business; * * * to make agreements with, and to employ such attorneys at law, and other representatives, employés and subagents, of such corporation, as may be desired for the transaction of such business." The corporation was formed by lawyers, and has a capital stock of $125,000; all the stockholders being practicing lawyers except five. It is alleged in the petition that "by far the greater part of its business consists of the collection of claims without resort to law; when suits need to be brought, they are entrusted specifically to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lawyers who appear in their own name;" that the company employs in various parts of the United States as many as 6,000 practicing lawyers.

This application is made under section 280 of chapter 88 of the Laws of 1909, re-enacted as chapter 40 of the Consolidated Laws, as amended by chapter 483 of the Laws of 1909. That section makes it unlawful for any corporation to practice or appear as an attorney at law for any person other than itself in any of the courts of this state, or to hold itself out to the public as being entitled to practice law, or to render or furnish legal services or advice, or to furnish attorneys or counsel, or to render legal services of any kind in actions or proceedings of any nature or in any other way or manner, or in any other manner to assume to be entitled to practice law. It was also made unlawful for any corporation to solicit itself, or by or through its officers, agents, or employés, any claim or demand for the purpose of bringing an action thereof, or of representing as attorney at law, or for furnishing legal advice, services, or counsel to, a person sued or about to be sued in any action or proceeding, or against whom an action or proceeding has been or is about to be brought. The act then provides:

"This section shall not apply to any corporation lawfully engaged in a business authorized by the provisions of any existing statute, nor to a corporation lawfully engaged in the examination and insuring of titles to real property, nor shall it prohibit a corporation from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it is or may be a party, nor shall it apply to organizations organized for benevolent or charitable purposes or for the purpose of assisting persons without means in the pursuit of any civil remedy, whose existence, organization or incorporation may be approved by the Appellate Division of the Supreme Court of the department in which the principal office of said corporation may be located."

And this application is made for the approval of the petitioner by this court under the provisions of the section last cited. It seems to us quite evident that the only authority given to this court is to approve "organizations organized for benevolent or charitable purposes, or for the purpose of assisting persons without means in the pursuit of any civil remedy." While it has never been legal for a corporation to practice law, a system has grown up by which corporations undertake to procure attorneys for the transaction of the law business of its clients, and, while the legality of such corporate action has been doubted, the impropriety of allowing corporations to enter into such a business has been universally recognized, and by this legislation it has been prohibited. There was exempted from the prohibition provided for in this act a corporation lawfully engaged in a business authorized by the provisions of any existing statute, a corporation lawfully engaged in the examination and insuring of title to real property, and the act itself is not to prevent a corporation from employing an attorney or attorneys in and about its own immediate affairs or in any litigation to which it was a party.

These provisions evidently did not require that this court should approve such corporate action to prevent its being affected by the provisions of the act. It certainly was not intended that a corporation should not employ a lawyer to defend it without the approval of this

court, so that corporations which had been lawfully acting under 'the existing provisions of law or the title guarantee companies should be required to receive the approval of the court. It seems to us clear that this exemption applied generally to corporations coming within its terms. There were in existence, however, certain corporations that had been organized for the purpose of aiding those who were without means to obtain competent legal advice. It was recognized that such corporations were protecting the poor and improvident, and where such a corporation obtained the approval of the court it should be allowed to continue its work, and to it the prohibition of the statute should not apply.

We think, therefore, that the granting of this application would be entirely ineffective to allow the petitioning corporation to disobey the provisions of this section, and that the court is given no authority to authorize it to continue to perform any act which this statute prohibits. It is quite clear that, so far as the business of this corporation is confined to the collection of claims without legal proceedings, it is not affected by this statute.

It is not necessary for us now to determine just what portion of its business this statute will prohibit; but we are satisfied, after careful consideration, that this corporation is not one whose "existence, organization, or incorporation" this court is authorized to approve, and the application must therefore be denied.