THOMPSON v. THOMPSON et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909. Supplemental Opinion, December 3, 1909.)

1. VENDOR AND PURCHASER (§ 70*)—CONTRACT—CONSTRUCTION—PURCHASE PRICE.

T., a member of the firm of T. & Co. and the owner of the premises on which the firm business was carried on, for which it paid him an annual rental of $6,000, conveyed the plant used by T. & Co., together with the real estate and water power and his interest in the firm and business, to his son on the express condition that the son pay $25,000 to each of the grantor's remaining children, that he should, either alone or with other persons, conduct the firm business at the same place where it was then conducted for at least five years, and "that he shall, so long as said business shall be so continued or conducted," pay to the grantor's wife the sum of $6,000 on the 1st day of January in each and every year; "the same being estimated to be the amount of rent which will be received by the said party of the second part for the use of the said mill property" from T. & Co. in the conduct of their business. At the time of the execution of the deed, T. also made his will, by which he devised his homestead and other property in a village to his wife for life, and devised to her his farm and all his household furniture. Held, that the payment of $6,000 per year to the grantor's wife did not terminate at the end of five years, unless the conduct of the business of T. & Co. at the location on the property conveyed should terminate, but that such payment should continue during the occupancy of such premises by T. & Co.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 70.*]

Supplemental Opinion.

2. VENDOR AND PURCHASER (§ 59*)—CONSTRUCTION OF CONTRACT.

The obligation to pay $6,000 annually was imposed solely on the son, and the firm of T. & Co. was not liable for its payment at the suit of the grantor's widow.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 59.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Albany County.

Action by Lucy E. Thompson against James Thompson and others, comprising the firm of James Thompson & Co., and James Thompson individually. Judgment for defendants, and plaintiff appeals. Reversed as to James Thompson; affirmed as to James Thompson & Co.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Ransom H. Gillet (D. Cady Herrick, of counsel), for appellant.
Lewis E. Carr, for respondents.

JOHN M. KELLOGG, J. James Thompson, Sr., was the owner of a one-half interest in the manufacturing firm of James Thompson & Co., which carried on business in a factory and on premises owned by him individually, for which it paid him an annual rental of $6,000. He also owned a great part of the machinery in the mill, and was a half owner of the remainder of said machinery. While in extremis and a few days before his death, he conveyed the factory plant, real estate, and water power, and his interest in said firm and business, to his son, the defendant James Thompson; the deed being upon the conditions therein expressed, that the said grantee (1) shall pay to each of the grantors' each remaining children "the sum of $25,000, at least $5,000 of which shall be paid on the 1st day of January in each year to each of said persons until all said sum of $25,000 to each shall be paid, with the privilege to the said party of the second part of paying the whole of each of said sums of $25,000, or any part thereof, in addition to said $5,000 per year, at any time, if he so elect"; (2) "that he shall, either alone or in connection with other person or persons, continue and conduct the same or similar businesses to that now conducted by the firm of James Thompson & Co. at the same place where it is now conducted, or substantially the same, for the period of at least five years from this time, and that said business shall be so continued or conducted in the name of James Thompson & Co."; (3) "that he shall, so long as said business shall be so continued or conducted, pay to the said Lucy E. Thompson, one of the parties of the first part, the sum of $6,000 on the 1st day of January in each and every year, the same being estimated to be the amount of rent which will be received by the said party of the second part for the use of said mill property (now owned by James Thompson & Co.) from James Thompson & Co. in the conduct of said business." Said firm has continued the business and paid the rental to the defendant James Thompson ever since. The defendant paid the $6,000 per year to the plaintiff, the widow of James Thompson, Sr., and one of the grantors, for five years, and has neglected and refused to pay the same since, contending that under a proper construction of the deed such payments were to continue for but five years, and the plaintiff brings this action to recover the amounts growing due under said provision after the lapse of the first five years.

The book value of the property conveyed by the deed was $178,-165.94, of which the land and water power were of the book value of $26,000, and the machinery belonging to James Thompson, Sr., per-

sonally, of the book value of $15,600. It does not appear what was the actual value of the property conveyed; neither does it appear what the good will of the business was worth, or how profitable the business was at the time of the execution of the deed. It is evident that the value of a manufacturing plant, the real estate, water power, and current assets of the business, depend to a great extent upon the prosperity and success of the business itself, so that we have practically no evidence of the actual value of the property which the grantee acquired by the deed. We may, however, assume that the business was a successful one and very profitable, from the fact that the grantee, who was familiar with it, accepted the terms of the deed and continued the business. It will not do to assume, as the trial court did, that by agreeing to pay $25,000 to each of his brothers and sisters, and $6,000 a year for five years to the plaintiff, he was paying $180,000 for the property; for the payments were to be made in annual installments, without interest, and with proper discount their present worth would be much less. Neither can we assume that the grantee acquired by the conveyance property of the value of only $180,000.

The language of the first condition, as to the payment of the $25,000 to each child, of which $5,000 is to be paid each year, is definite, and leaves no chance for conjecture. The adoption of different language with reference to the plaintiff, and the failure to mention any aggregate sum, but naming a yearly sum only, is significant. At the time of the execution of the deed, James Thompson, Sr., also made his will, which was subsequently admitted to probate, by which he devised his homestead to his wife for life and then to their son Leslie E. Thompson; the brick row in the village of Valley Falls to his wife for life, and then to his children equally. He also devised to her his farm, and bequeathed to her all his household furniture. His horses were to be sold, and the proceeds thereof, not to exceed $5,000, were to go to his nephew, and the balance, if any, to his son James. The plaintiff was made the residuary legatee. From the proceeds of the sale of the horses, after payment of the $5,000 to the nephew, the defendant James Thompson received $4,557.38, which exhausted the entire personal estate of the testator, so that the plaintiff received nothing therefrom as residuary legatee. The will shows that the plaintiff was uppermost in the testator's mind, and that he was solicitous for her welfare, and indicates that he felt that he had properly taken care of his children.

Not knowing the value of the business, good will, and property conveyed, we have to fall back upon the deed itself, and can find nothing in it indicating that the payment of the $6,000 is limited to five years. The construction of this condition of the deed rests upon the fact that the plaintiff and her husband conveyed the real estate, the water power, machinery, and the interest in the business to his son James, the value of which does not appear, and that she had a dower interest in the real estate; that the property in which she had such dower interest was rented to the firm for $6,000 a year, and that that was its fair rental value; and the grantee agrees to pay the $6,000 rent to the plaintiff, who in the deed conveyed her inchoate right of dower to him. The

deed contemplated that the business should run under the old name and in the old factory at least five years; but it might continue indefinitely thereafter at the election of the grantee. If he terminated the use of such firm name and plant at the expiration of the five years, the rental, and consequently the payments to the plaintiff, ceased; and if he continued the use, the rental would continue, and the plaintiff would be entitled to receive the same. Evidently the rental value of the plant and water power depended to a great extent upon its use by the firm in carrying on its business.

It is not necessary to consider whether the agreement to pay the plaintiff, resting somewhat, at least, upon her conveyance of her inchoate dower interest in the premises, would cease at her death or not, as that question is not before us. Treating the will as a part of the same transaction, we find nothing against these views, but rather in confirmation of them. Under the will she is entitled to all of the real estate, at least for her lifetime, and, as we have seen above, the rental of the mill property and water power was given to her by the deed at least for her lifetime provided the rental continued. So far, then, as the will throws any light upon the transaction, it is not unfavorable to the plaintiff.

I therefore think the court erred in determining that the payments to the plaintiff were to continue only for five years. The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.