Catherine L. Boyer, Plaintiff, v. Frank W. Boyer, Defendant. In the Matter of the Accounting of John A. Thompson, Receiver.— Motion granted, with costs. Present — Hirschberg, P. J., Woodward, Jenks, Burr and Miller, JJ.

In the Matter of Benjamin F. Chadsey.— Referred to the committee on character to report. Present — Woodward, Jenks, Burr and Miller, JJ.

In the Matter of the Application of the Co operative Law Company, for Approval of the Existence of Said Corporation, etc.— Motion granted, on the authority of *Matter of Associated Lawyers' Company* (134 App. Div. 350). Hirschberg, P. J., Woodward, Thomas and Miller, JJ., concurred. Jenks, J., concurred, but on the ground that the order should be vacated because it was made before the statute * in question went into effect. (See *post* p. 918.)

In the Matter of the Application Pursuant to Chapter 483 of the Laws of 1909 * of the German Legal Aid Association, a Corporation Organized under the Provisions of the Membership Corporations Law, etc.— Application denied on the authority of *Matter of Co-operative Law Company*, decided herewith (*ante*, p. 901). Present — Woodward, Jenks, Burr, Rich and Miller, JJ.

The People of the State of New York, Respondent, v. Fred De Barberi, Appellant.— Motion for reargument denied, without costs. Present — Woodward, Jenks, Burr, Thomas and Rich, JJ.

Henry Weyand and Another, Respondents, v. The Park Terrace Company, Impleaded with Others, Appellant.— Motions dismissed, without costs. Present — Hirschberg, P. J., Woodward, Jenks, Burr and Miller, JJ.

---

## ·Third Department, December, 1909.

Lucy E. Thompson, Appellant, *v.* James Thompson and Others, Comprising the Firm of James Thompson & Company, and James Thompson, Individually, Respondents.

Kellogg, J.: In the decision handed down at this term of court in this case (See 134 App. Div. 752) it was held that James Thompson was liable to the plaintiff. The question raised by the demurrer as to the liability of the firm of James Thompson & Co. was not disposed of. The obligation for the payment to the plaintiff of the $6,000 was imposed by the deed upon James Thompson personally. He is the owner of the property and if the firm occupies it as his tenant it is liable to him for the rental. Upon the facts alleged the firm is not liable to the plaintiff. The interlocutory judgment sustaining the demurrer should, therefore, be affirmed, with costs. All concurred. Interlocutory judgment affirmed, with costs.

---

Joseph Bell, as Administrator, etc., of Louis Bell, Deceased, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Smith, P. J., and Cochrane, J., dissenting.

---

* Penal Law, § 280.— [Rep.